UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION,

          **MEMORANDUM & ORDER**
          04-CV-5733 (FB)(VVP)

          Plaintiff,

    -against-

MARIO GUITY,

          Defendant.
-----------------------------------------------------------x

*Appearances*:
*For the Plaintiff*:
MICHAEL D. CASSELL, ESQ.
Lefkowitz, Louis, & Sullivan, L.L.P.
350 Jericho Turnpike, Suite 300
Jericho, NY 11753

**BLOCK, Senior District Judge:**

      On February 8, 2006, Magistrate Judge Pohorelsky issued a Report and Recommendation ("R & R") on the amount of damages to which plaintiff is entitled. The R & R stated that "[a]ny objections to the [R & R] must be filed . . . within 10 days of receipt of this report[,]" and that "[f]ailure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this [R&R]." *See* R & R at 6; *see also* 28 U.S.C. § 636(b)(1). None of the parties has objected to the R & R.

      If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.

2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Plaintiff served a copy of the R & R on the defendant on February 10, 2006 and another copy at a second address on February 27, 2006, both via first class mail, thereby providing the defendant with notice of the R&R and informing him of his right to object and the consequences of not so doing. *See* Docket Nos. 13 & 14.

The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error in ruling against the defaulting party. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing on the face of the R & R suggests plain error. Accordingly, the Court adopts the R & R without *de novo* review.

**SO ORDERED.**

                                                                                                  _/S/ Frederic Block_
                                                                                                  FREDERIC BLOCK
                                                          United States Senior District Judge

Brooklyn, New York
July 19, 2006

2